UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
KAROLINA KARPOV,
        Plaintiff,

    -against-

VLADIMIR KARPOV and
SVETLANA KARPOV
        Defendants.
------------------------------------------------------------

Civil Action No.
12 Civ. 3649 (PAE)

## DEFENDANTS' MEMORANDUM OF LAW IN
## SUPPORT OF THEIR MOTION TO DISMISS COMPLAINT WITH PREJUDICE

Bernard Weinreb
Attorney at Law
2 Perlman Drive, Suite 301
Spring Valley, New York 10977

(845) 369-1019

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

KAROLINA KARPOV,
           Plaintiff,

           -against-

VLADIMIR KARPOV and
SVETLANA KARPOV
           Defendants.

-----------------------------------------------------------

Civil Action No.
12 Civ. 3649 (PAE)

# DEFENDANTS' MEMORANDUM OF LAW IN
# SUPPORT OF THEIR MOTION TO DISMISS COMPLAINT WITH PREJUDICE

### Preliminary Statement

Defendants, Vladmir Karpov and Svetlana Karpov ("Svetlana"), respectfully submit this memorandum of law in support of their motion to dismiss the complaint on the basis of lack of personal jurisdiction and improper venue. See Fed.R.Civ.P. 12(b)(2)-(3).

### STATEMENT OF FACTS

Plaintiff, Karolina Karpov, filed this action in this Court on May 4, 2012. Plaintiff had the United States Marshall Service mail the summons and complaint to Svetlana, by letter dated June 1, 2012 along with a form under which Svetlana may acknowledge receipt of the summons and complaint. Svetlana signed the form acknowledging her receipt of the summons and complaint on June 20, 2012 and she mailed back such form to the United States Marshall. A copy of the summons complaint and the signed acknowledgment form are attached hereto as Exhibit A.

The Plaintiff's allegations are set forth in detail in her complaint, a copy of which is attached hereto as Exhibit A. Svetlana denies the allegations.

Briefly, Plaintiff complains that she was brought over to the United States from the Ukraine in 2001, when she was seven years old, and adopted by defendants Vladimir Karpov and Svetlana, who were then, and still are, married to each other and living in Delaware. Plaintiff then describes in her complaint how she was sexually assaulted by defendant Vladimir Karpov over the next several years while living at his home in Delaware. Vladimir Karpov was arrested and pleaded guilty to a Rape 3d Degree charge, and on August 1, 2008 was sentenced to prison. Upon information and belief, Mr. Karpov is presently incarcerated at Delaware State Prison and has been incarcerated at that prison since on or about August 1, 2008.

In her complaint, Plaintiff alleges 14 different tort causes of action against Defenants[1] (the "Claims") for which Plaintiff is claiming that she was injured and is seeking recovery of monetary damages on account of the personal injuries she allegedly suffered. As relevant to Svetlana, in all her claims against Svetlana she is claiming that Svetlana should be held responsible for the assaults committed against her by Vladimir. According to the complaint, all the alleged sexual assaults by defendant Vladimir took place in Delaware.

Plaintiff's only basis for bring this claim in this Court is that she is currently a New York resident, in that she currently resides in Dutchess County, New York. This case otherwise has no connection to New York as none of the defendants resided in New York at the time of the alleged events (they resided in Delaware at the time) and the Defendants currently reside in Delaware. Further, Plaintiff resided in Delaware, and not in New York, at the time of the alleged events she complains of. Thus, this case should

---

[1] In actuality, Plaintiff enumerates 13 Claims, as there is no Claim 3 set forth in the Complaint.

be dismissed against Defendants on the basis that Defendants lacked the minimum contacts necessary to subject her to the jurisdiction of this court.

### I. **Burden of Proof**

The standards of governing motions to dismiss under Rules 12(b)(2) and 12(b)(3) are well known to this Court and need little elaboration. On a motion to dismiss for lack of personal jurisdiction, the "plaintiff bears the burden of showing that the court has jurisdiction over the defendant." Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003). Likewise, on a motion to dismiss for improper venue, the plaintiff has the burden of establishing that it has chosen the proper venue. Anonymous v. Kaye, 104 F.3d 355 (2d Cir. 1996)(unpublished)(citing Pocahontas Supreme Coal Co. v. National Mines Corp., 90 F.R.D. 67, 69 SDNY 1981)). As shown below, Plaintiff has not met, and cannot meet, either burden.

### II. **Plaintiff cannot establish personal jurisdiction under traditional Principles**

#### A. Traditional principles require satisfaction of the state long-arm statute and the Due Process Clause.

A federal district court sitting in diversity may exercise personal jurisdiction to the same extent as a state court of general jurisdiction in the state in which it sits. *See* Golden Archer Investments, LLC v. Skynet Financial Systems, 2011 U.S. Dist. LEXIS 150742 at *9 -*10 (SDNY 2011). Accordingly, in diversity actions, federal courts in New York follow a two-step process to analyze motions to dismiss for lack of personal jurisdiction. Id. First, the court must determine whether New York's long-arm statute confers jurisdiction to reach the defendant. Id. Second, if this statute is satisfied, the Court must analyze whether exercising personal jurisdiction would comport with the Due Process Clause of the United States Constitution. Id.

As to the first prong, New York's long-arm statute confers personal jurisdiction over a non-domiciliary who:

1. Transacts any business within the state or contracts anywhere to supply goods or services in the state; or

2. Commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

3. Commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

    (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

    (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

4. Owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R. §302(a)(1).

If a plaintiff is able to satisfy New York's long-arm statute, then it must also show that the exercise of personal jurisdiction comports with the Due Process Clause of the United States Constitution.

The due process inquiry has two related components: the "minimum contacts" inquiry and the "reasonableness" inquiry. See, e.g., Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 164 (2d Cir. 2010).

In order to establish minimum contacts, the plaintiff "must show that his claim arises out of or relates to defendant's contacts with the forum state, ... that the defendant purposefully availed himself of the privilege of doing business in the forum state and that the defendant could foresee being hauled into court there." Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 305 F.3d 120, 127 (2d Cir. 2002).

4

Then, the court must ensure that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice. Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The second step is also referred to as a "reasonableness" analysis. See Queen Bee, supra at 164 (discussing factors).

### B. Plaintiff has not alleged, and cannot show, that jurisdiction is proper under traditional principles.

In this case, Plaintiff has not even alleged that Defendants are subject to personal jurisdiction in this Court under the traditional principles discussed above. See Complaint, Exhibit A. And Plaintiff cannot do so, consistent with FRCP Rule 11, since none of the alleged wrongs took place in New York (they all took place in Delaware), Defendants are not residents of New York, Defendants do not do any business in New York and Defendants have no contacts with New York.    Plaintiff does not allege otherwise.

Thus, Plaintiff has not alleged, and cannot show, that Defendants have *any* contacts with New York, much less that they have minimum contacts sufficient to establish personal jurisdiction.

### IV.    Plaintiff cannot show that venue is proper under general principles.

#### A. Under general principles, venue is proper only if the defendant is subject to jurisdiction in the district or if a substantial portion of the underlying events occurred in the district.

In a civil action where jurisdiction is founded on diversity of citizenship, a plaintiff must satisfy the general venue provisions of 28 U.S.C. §1391. Under this section, and action may be brought in: "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a

substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."
Id.

### B. Plaintiff cannot show that venue is proper under traditional principles.

Pursuant to the venue principles set forth in A., it is clear that venue is not proper in this Court as none of the defendants reside in New York (they reside in Delaware), none of the alleged events or omissions giving rise to the claim occurred in New York, and there is a district in which such action may otherwise be brought (*i.e.*, Delaware).

Since Defendants are not subject to jurisdiction in the *state* of New York, then it likewise cannot be subject to jurisdiction in the *Southern District* of New York. As such, venue in this Court cannot be proper under §1391(a).

### CONCLUSION

In sum, we respectfully request that the court dismiss this complaint as it has no personal jurisdiction over the Defendants and that this Court is the improper venue for this action.

Dated: Spring Valley, New York
July 10, 2012

Respectfully submitted,

s/Bernard Weinreb

BERNARD WEINREB
2 Perlman Drive, Suite 301
Spring Valley, New York 10977
(845) 369-1019

To: Ms. Karolina Karpov
████████████
Poughkeepsie, NY 12601
Pro Se Plaintiff