Karolina Karpov
305 Mill Street
Poughkeepsie, N.Y. 12601
(845) 559-9010
*In Propria Persona*


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/30/12


RECEIVED
JUL 30 2012
PRO SE OFFICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Karolina Karpov,
                       Plaintiff,
v

Vladimir Karpov and Svetlana Karpov,
                       Defendant(s).

AFFIDAVIT IN OPPOSITION

12cv 3649 (PAE)

STATE OF NEW YORK   }
                          } Ss:
COUNTY OF DUCHESS   }

    I, KAROLINA KARPOV, the plaintiff named above in this action before this court state the following under penalties of perjury of the United States:

    Defendant moves to dismiss for improper venue. I oppose the motion.

    The pedophile Mr. Karpov will likely be appearing by video from his Delaware prison cell so inconvenient forum should not be applicable to him. Even if he is released into society, I have an order of protection against him so he cannot appear where I am. Svetlana's appearance requires some discussion.

    It seems that Svetlana Karpov's position is a standard recitation of the statute 28 USC 1391: improper venue and inconvenience to Vladimir and her. However, nothing about my civil claim against Vladimir and her is standard.

    As I alleged in my complaint (paragraphs 38 through and including 41 and paragraph 62 - synopsized in Defendant's Memorandum of Law at page 2) which I based on diversity of citizenship, Vladimir Karpov and Svetlana Karpov adopted me oversees (in the Ukraine) when I was seven years of age for the express purpose of sexually gratifying and pleasing Vladimir Karpov throughout my youth so that he would not sexually assault his own daughters. So the thread that makes up my complaint starts with

1

the misconduct taking place off our shores where there are no U.S. District Courts in which this action may otherwise be brought. I was unable to file a federal law suit at that time because minors are not permitted to file federal law suits on their own. I could not file a suit until this year when I turned eighteen years of age. This means at a minimum the venue fallback exception in 28 USC 1391(a)(3) must apply:

> *(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in*
> ...
> *(3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.*

Therefore the U.S. Southern District of New York is the proper forum. Both defendants are subject to personal jurisdiction of this court because both were served by the marshal's office. See Statements of Service.

Further, as I already stated, Vladimir is imprisoned and he can appear on any video screen anywhere so he is not inconvenienced. Svetlana has already traveled to Duchess County Family Court and appeared in person before a Support Magistrate twice in a case against me. So for her to say that she is inconvenienced by having to travel to New York City is completely disingenuous. The U.S. Supreme Court has upheld plaintiffs' choices of forum, for example, Keaton v. Hustler Magazine, Inc., 105 S.Ct. 1473 (1984) where plaintiff's decision to file suit in New Hampshire, even though that forum-selection decision was based on a desire to avoid the statute-of-limitations bar applicable in all alternative forums, was upheld.

I understand the Constitutional protections afforded citizens of different states having to faces judges in yet other states. However, Delaware will be worse than New York as the forum for this case.

It will be worse because I have to return to the place where Vladimir raped me as a child and Svetlana beat me and fooled me to keep me under control. Local Delaware newspapers reported how Vladimir Karpov fled after a warrant was issued for his arrest and how he was found in a California town with $15,000 in cash and a hand gun. The stolen license plates on his car gave him away quickly. Passersby will quickly realize

what my case is about and the local population will discuss the case. The Karpov children my suffer ridicule and other members of the family will have to answer questions about what Vladimir and Svetlana did to me. All of the churches and local schools I attended will read about this case from local newspapers that have little else to publish. The sensationalism and its resulting embarrassment to the innocent will be huge.

    I am absolutely shocked that Svetlana wants the case in Delaware. She wants me to take the stand in a Delaware federal court? The Delaware prosecutor is right there as is the case file involving Vladimir. All of Svetlana's tenants and service providers will be within ear shot of the proceedings. Her thirteen children will be right there in the audience listening. The bankers of the numerous banks where she keeps her money will know what happened. Extended family may even sit in on the proceedings. As a result, Svetlana may decide to sell off all her property and leave the jurisdiction giving me a default judgment I could never collect upon. Or, Vladimir and Svetlana will pressure me into withdrawing my case by threat or trick. Evidence of their underhandedness permeates their dealings: Vladimir used me sexually to avoid raping his own daughters and is now serving time, for example.

    New York is a more confidential forum. Because of the hundred miles distance between Manhattan and Newark, Delaware, the Karpov family will have some privacy as this case unfolds. Some of the Karpov children are very young and should be spared the ridicule brought about by their father, Vladimir Karpov and his wife, Svetlana Karpov. I am the source of the evidence in this case along with a Poughkeepsie therapist who knows of my condition (Post Traumatic Stress Disorder). Having my therapist travel to Delaware will inconvenience her. All Svetlana can do is deny my allegations.

    I am not seeking a home court advantage. I happen to be domiciled in Duchess County because I had to flee Delaware and live with an adoptive aunt in Poughkeepsie. I heard through others that Vladimir wanted to kill me for revealing his dirty secret so I keep a low profile in Poughkeepsie. I suffered serious mental harm including post traumatic stress disorder and I attempted suicide once in Delaware in Vladimir's and Svetlana's home. I am not here to gain any advantage whatsoever. I am permanently living in Duchess County for years since my escape from Vladimir and Svetlana Karpov.

I understand this court is very capable of adjudicating complex cases but so can Delaware federal courts. I did not come here because of any notions of proficiency. I did not pick the Southern District for its choice of law rules. This court will apply the law as it sees fit and proper in this case. The law of child rape arising from an international adoption is well known to the court I am certain.

I also appreciate efficiency in resolving disputes. The federal system takes the view that statutory venue provisions limiting my forum selection decisions focus "primarily [on the] matter of choosing a convenient forum." Leroy v. Great Western United Corp., 443 U.S. 173 at 180 (1979). This system limits my forum choices to those judicial districts where the defendant resides, where the subject matter of the action is located, or any forum where the defendant is subject to personal jurisdiction, so long as the action cannot be brought in any other forum. See 28 U.S. § 1391(a)(3).

It is on this last provision I rely for the Ukrainian adoption for the purpose of underaged sex for Vladimir to protect Svetlana's biological daughters to maintain this action here before this court. What happened to me in Delaware at the hands of Vladimir Karpov after my Ukrainian adoption and my transportation to the United States as a seven year old child should not serve to give any procedural advantage, like a dismissal or transfer from this court, to Vladimir and Svetlana Karpov.

I have therefore chosen the correct venue pursuant to 28 USC §1391(a)(3) and the defendant's motion to dismiss or transfer venue should be denied and the case allowed to proceed before this court for the benefit of all concerned. If on the other hand the court is inclined not to hear my case, then I ask for an order transferring this law suit to the appropriate federal court in Delaware to which my therapist and I will have to travel to be heard.

KAROLINA KARPOV

Sworn to before me this 26th day of July, 2012

NOTARY PUBLIC

ROBIN L. EVANS
NOTARY PUBLIC-STATE OF NEW YORK
No. 4963483
Qualified in Ulster County
My Commission Expires March 12, 2014

4



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
Pro Se Office

SCANNED

**To:** The Honorable ___Judge Paul A. Engelmayer___,

**From:** ___R.Diaz___, Pro Se Intake Clerk, Docket Services, Ext. __1177__

**Date:** ___8/1/2012___

**Re:** Karpov v. Karpov et al, 12-cv-03649-PAE

The attached document, which was received by this Office on ___7/30/2012___, has been submitted to the Court for filing. The document is deficient as indicated below. Instead of docketing the document for public access, it has been docketed as a court-view only docket entry. I am forwarding it to you for your consideration. See Fed. R. Civ. P. 5(d)(2)(B), (4).

( ) No original signature.

(X) No Affirmation of Service/ proof of service.

( ) Other:_____

RECEIVED 2012 AUG 14 P 3: 54 PRO SE OFFICE

If you memo-endorse the filing, you do not need to return this memorandum to the Pro Se Office. Once your memo-endorsement is docketed and filed, all ECF users on the case will be notified.

In the alternative, please return this memorandum with the attached papers to this Office, indicating at the bottom what action should be taken.

(X) **ACCEPT FOR FILING**          ( ) **RETURN TO *PRO SE* LITIGANT**

*Paul A. Engelmayer*
United States District Judge
Dated: 8/14/12

Comments:
_____
_____
_____
_____

_____
United States Magistrate Judge
Dated:






Pro Se Karolina Karpov
305 Mill Street
Apt 2A
Poughkeepsie NY 12601

RETURN RECEIPT
REQUESTED

United States District Court
Southern District of New York
Honorable Paul A. Engelmayer (PAE)
500 Pearl Street
New York, NY 10007

Att: 12-CV-3649
Judge Engelmayer.

RECEIVED
SDNY PRO SE OFFICE
2012 JUL 30 P 2: 42